United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE JUE, individually, and on behalf of all other similarly situated persons, on behalf of the People of the State of California, and on behalf of the California Labor and Workforce Development Agency, and ROES 1–35,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1–20,<br><br>Defendant. | No. C 10-00033 WHA<br><br>**ORDER VACATING DISMISSAL AND REOPENING CASE** |

This action was removed from San Mateo County Superior Court on January 5, 2010. Seven days later, defendant Costco Wholesale Corporation filed a "Motion to Dismiss or, Alternatively, for Summary Judgment, or Motion to Strike." On February 11, approximately forty minutes after Costco filed its reply brief for its motion, plaintiff Jade Jue filed a request for voluntary dismissal of her action without prejudice (Dkt. Nos. 13, 14). Over a week later, after the matter had been closed without a court order, Costco filed an opposition to plaintiff's dismissal (Dkt. No. 15). Both parties then filed additional briefs on the matter (Dkt. Nos. 17, 19). A hearing was held on February 25. Having considered the arguments made by both parties, plaintiff's dismissal must be **VACATED** and the case **REOPENED**.

The reasons behind plaintiff's dismissal request were as follows:  In the opposition to Costco's motion, it was conceded that a portion of plaintiff Jue's seating violation claim (one of two claims brought by plaintiff) under the Private Attorney General Act (PAGA) was time-barred.  The opposition, however, indicated an intention to amend the complaint to add an additional plaintiff, Jorge Mejia, whose seating violation claim was *not* time-barred under PAGA.  Immediately after defendant filed its reply brief, plaintiff abruptly filed a notice of voluntary dismissal and filed a *new* action in state court with both Jue and Mejia as named plaintiffs.  The apparent reason for this move was that while counsel believed that federal jurisdiction over the instant action was improper, he did not want to file a motion to remand the case back to state court (Dkt. No. 17).  Instead, he opted to dismiss the instant action and start anew.

Since defendant had already filed a motion for summary judgment, plaintiff was not authorized to voluntarily dismiss the instant action without a court order.  FRCP 41(a)(2).  Since no court order approved the dismissal, the matter was improperly closed.  Now that the matter has been reopened, plaintiff shall select one of the following three options to proceed:

*Option One:* Counsel may amend the complaint to add Mejia as a named plaintiff.  Given that the newly filed state action would have been removed to federal court anyway, there is no reason to deny the addition of Mejia in the instant action.  This amendment would be without prejudice to plaintiff filing a motion to remand.  If this option is selected, however, the pending and fully briefed motion filed by Costco will be ruled on *immediately* as to all Rule 12 challenges raised in the motion (the sole issue on which Costco moved for summary judgment was whether plaintiff Jue was time-barred from bringing her PAGA claim).  Once the pending motion is resolved, the Court will provide instructions regarding the addition of Mejia to the complaint.

*Option Two:* Plaintiff may file a motion to remand this action back to state court.  If this option is chosen, the pending motion filed by Costco will be put on hold until the remand motion is resolved.

*Option Three:* Counsel for plaintiff, Cary Kletter, admitted that his dismissal request was inexcusably late (Dkt. No. 17).  Had the request been tendered sooner, it is likely that unnecessary expenses would not have been incurred.  As such, the undersigned will grant plaintiff's dismissal

request only if plaintiff's *counsel* (to be clear, counsel may *not* bill his client for this amount) pays opposing counsel $1,000 in attorney's fees to compensate them for expenses incurred. With respect to this third option, the undersigned also emphasizes that this case is still in its early stages and no discovery has occurred. In other words, Costco would only suffer minimal prejudice if the requested dismissal was granted.

    Plaintiff's counsel has until **NOON ON THURSDAY, MARCH 4, 2010**, to notify the Court of his selection. If the first option is selected, the Court will resolve the pending motion without oral argument and issue a ruling shortly thereafter. If the second option is selected, counsel's motion to remand will be due on **MARCH 11, 2010**, to be heard on the normal 35-day motion calendar. If the third option is selected, counsel must file a sworn declaration with his March 4 filing indicating that $1,000 in attorney's fees have been paid to opposing counsel.

**IT IS SO ORDERED.**

Dated: February 25, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3