IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE JUE, individually, and on behalf of all other similarly situated persons, on behalf of the People of the State of California, and on behalf of the California Labor and Workforce Development Agency, and ROES 1–35,<br><br>    Plaintiffs,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1–20,<br><br>    Defendant.<br>_____ / | No. C 10-00033 WHA<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE** |

**INTRODUCTION**

In this California labor action involving the alleged failure by Costco Wholesale Corporation to provide "suitable seating" for its employees, Costco moves to dismiss all claims in the complaint, or alternatively, for summary judgment. Costco also moves to strike portions of the complaint pertaining to plaintiff's class allegations. For the reasons set forth below, defendant's motion to dismiss plaintiff's claims is **GRANTED**.

**STATEMENT**

Putative class representative and named plaintiff Jade Jue is a former Costco employee. She worked in a number of "front-end" positions at Costco as a cashier, customer service assistant, and cashier's assistant from September 2006 through August 2007 before taking a leave

of absence (Compl. ¶¶ 11, 12; Jerman Decl. ¶ 5). After failing to return to work for over a year, Costco terminated Jue's employment in September 2008 for "abandonment" (Jerman Decl. ¶ 6).

In October 2009, Jue filed this action in California Superior Court, alleging that Costco failed to provide, or permit use of, suitable seating to her and similarly situated Costco employees in violation of California Industrial Welfare Commission Wage Order 7-2001, Section 14. Two claims were alleged based upon Costco's alleged violation of this wage order. The first claim alleged a violation of Section 1198 of the California Labor Code, which makes unlawful any working condition proscribed by an IWC wage order (Compl. ¶¶ 41–55). For this claim, the complaint alleged that Section 1198 was enforceable by private right of action through the Private Attorney General Act of 2004 ("PAGA"), codified in Section 2699 of the California Labor Code (*id*. ¶ 52). The second claim alleged unfair competition in violation of California Business and Professions Code Section 17200 *et seq.* (*id.* ¶¶ 56–72).

Costco removed the action to federal court, and promptly filed the instant motion (Dkt. Nos. 1, 8). The motion unleashed a multi-pronged attack on plaintiff's claims and class allegations. *First,* Costco moved to dismiss the complaint in its entirety for failing to satisfy federal pleading requirements. *Second*, Costco moved for summary judgment that plaintiff's first claim was time-barred under PAGA. *Third*, Costco moved to dismiss the second claim for lack of standing and on the grounds that it derived from the time-barred first claim. *Fourth*, Costco moved to strike various aspects of the class allegations as unascertainable and overly broad.

Questionable tactics tainted the briefing process. Approximately forty minutes after Costco filed its reply brief, plaintiff filed a request to voluntarily dismiss the action without prejudice (Dkt. Nos. 13, 14). One week later, Costco filed an opposition to the dismissal request (Dkt. No. 15). After additional back-and-forth filings by the parties, a hearing on the voluntary dismissal (but not the instant motion) was held. At the hearing, counsel for plaintiff Jue — Attorney Cary Kletter — conceded that the relief sought by Jue under PAGA was time-barred. Attorney Kletter, however, added that he believed Costco's removal under CAFA was improper and informed the Court that an additional plaintiff — Jorge Mejia — would be added to the suit to seek relief under PAGA. As for his requested dismissal, counsel explained that he intended to

2

1 simply "start over" in state court with both Jue and Mejia as named plaintiffs, rather than oppose
2 Costco's motion or file a motion to remand. That said, counsel admitted that the timing of the
3 dismissal request was unfortunate.

4 Following the hearing, the Court presented Attorney Kletter with three options: (1)
5 remain in federal court and allow the instant motion to be resolved on the papers, after which
6 Mejia could be added to the action if leave to amend the complaint was granted; (2) immediately
7 file a motion to remand, which would be resolved prior to the instant motion; or (3) pay $1000 to
8 defense counsel for time spent and expenses incurred due to the delayed dismissal, after which the
9 voluntary dismissal would be allowed (Dkt. No. 21). Counsel selected the first option, leading to
10 this order (Dkt. No. 23).

**ANALYSIS**

While defendant presented a multitude of independent grounds upon which its motion could be granted, this order will proceed in a claim-by-claim basis, and address only those issues necessary to the outcome.

**1. CLAIM ONE — "FAILURE TO PROVIDE, OR PERMIT USE OF, SEATS"**

Plaintiff Jue conceded in her opposition brief and at oral argument that the civil penalties she sought under the Private Attorney General Act for the alleged violation of Section 1198 were time-barred by a one-year statute of limitations (Opp. 8; Compl. ¶ 55). Nevertheless, Jue still asserts that the first claim can stand *without* PAGA, despite the fact that the complaint sets forth no alternative statutory grounds authorizing a private right of action for an alleged violation of Section 1198. In other words, plaintiff argues that a private right of action for her first claim is authorized by Section 1198 alone.

This is incorrect. Costco asserts, and the undersigned agrees, that a private right of action to recover civil penalties for a violation of Section 1198 must be brought through PAGA, which provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee

3

> on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Lab. Code § 2699(a). In other words, PAGA provides an "aggrieved employee" — so long as the administrative procedures set forth in Section 2699.3 are followed — with a private right of action to recover a "civil penalty" for any violation of the California Labor Code that would otherwise be limited to government enforcement, assessment, and collection.

Section 1198 does not expressly grant a private right of action. Rather, the statutory text simply establishes that certain employment practices are unlawful:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

Nevertheless, plaintiff asserts that a private right of action for "civil penalties" under Section 1198 can be brought in the absence of an express statutory grant and without bringing the claim under PAGA. A recent California Court of Appeal decision, however, concluded otherwise. *See Caliber Bodyworks v. Superior Court*, 134 Cal. App. 4th 365, 377 (2005). In *Caliber Bodyworks*, the court distinguished between "statutory penalties . . . which were recoverable directly by employees well before [PAGA] became part of the Labor Code, and a demand for 'civil penalties,' previously enforceable only by the State's labor law enforcement agencies." *Ibid.* Given this distinction, the court found that a demand for civil penalties was — in the absence of PAGA — "enforceable only by the State's labor law enforcement agencies" when a code section contained no independent grant of statutory penalties recoverable through private action. *Ibid.* Section 1198 is such a code section.

Moreover, PAGA specifically *includes* Section 1198 as one of the enumerated labor code sections subject to its administrative requirements. *See* Cal. Lab. Code § 2699.3(a) ("A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met . . . "); Cal. Lab. Code § 2699.5 (listing Section 1198 among labor code sections enforceable under PAGA). This provides independent and compelling support to

4

the conclusion that a private right of action under Section 1198 does not exist, except through the procedures set forth in PAGA.

In sum, plaintiff Jue cannot circumvent her concession that she is time-barred from recovering civil penalties under PAGA for a violation of Section 1198. Indeed, plaintiff's opposition cites to no decisions where a private right of action to recover civil penalties for a violation of Section 1198 was ever authorized outside of PAGA. As such, as to plaintiff Jue, claim one must be **DISMISSED WITHOUT LEAVE TO AMEND**.

As stated, the Court will entertain a motion to intervene by Mr. Mejia, who is allegedly *not* time-barred from seeking civil penalties for claim one under PAGA. Given that the factual allegations underlying Mr. Mejia's employment at Costco may differ in many respects from those of plaintiff Jue, this order will refrain from addressing the sufficiency of plaintiff's first claim under Rule 8 and *Twombly*. Indeed, it would be premature to examine the facts as they are currently pled, since Mr. Mejia may have performed different tasks at Costco, or perhaps worked at a different Costco altogether. The more prudent approach would be to gauge the sufficiency of the *amended* complaint if and when plaintiff seeks leave to amend.

### 2. CLAIM TWO — "UNFAIR COMPETITION"

Plaintiff's second claim is based upon California unfair competition law (Compl. ¶¶ 56–72). *See* Cal. Bus. & Prof. Code §§ 17200 *et seq*. Underlying this claim is the allegation that defendant's "acts and practices have forced Plaintiffs and other similarly situated workers to labor for many hours in a row without being able to sit which they were entitled by law and which are important to employee safety" (*id*. ¶ 66).

Costco does not allege that plaintiff Jue is time-barred from bringing her second claim. *See* Cal. Bus. & Prof. Code § 17208 (setting a four-year statute of limitations). Rather, Costco argues that Jue cannot use Section 17200 as a means to circumvent the one-year statute of limitations to recover civil penalties under PAGA (Br. 4). Costco also asserts — as a separate argument — that plaintiff Jue lacks standing to assert an unfair competition claim, because she has *not* plausibly alleged that she has suffered an injury-in-fact or lost money or property as a

result of the alleged unfair competition, and the injunction she seeks will not redress any injury allegedly suffered (Br. 5–7).

With respect to the first argument, Jue's unfair competition claim does not require that her Section 1198 claim be actionable. A claim may be brought under Section 17200 for any business practices that are unfair, even if they are not unlawful. *Cel-Tech Communications v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). As such, plaintiff's unfair competition claim is not contingent upon proof of an actual violation of law. It does not fail simply because her Section 1198 claim is time-barred.

The defendant's standing argument, by contrast, has legs. As discussed below, plaintiff Jue does *not* have standing to assert a claim under Section 17200, at least as currently pled. Additionally, even if Mr. Mejia intervenes in this action, there will be significant obstacles to establish *his* standing for the second claim, if the allegations remain the same.

While standing may be a statutory requirement to bring an unfair competition claim, it is also a constitutional prerequisite to bringing suit in federal court. To establish Article III standing, a plaintiff must allege a personal and concrete injury fairly traceable to the defendant's allegedly unlawful conduct. *See, e.g., Thinket Ink Info. Res., Inc. v. Sun Microsytems, Inc.*, 368 F.3d 1053, 1057 (9th Cir. 2004). Moreover, it must be likely that the injury will be redressed by the relief requested. *Ibid.* In addition to Article III standing, California Business and Professions Code Section 17204 contains its own *statutory* standing requirement for unfair competition, which states: "Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by [the Attorney General or] . . . a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

Plaintiff Jue has met neither of these requirements for her unfair competition claim.

**A.     Injury-in-Fact**

With respect to injury-in-fact, the complaint alleged (Compl. ¶¶ 66, 68):

> Costco's acts and practices have forced Plaintiffs and other similarly situated workers to labor for many hours in a row without being able to sit which they were entitled by law and which are [sic] important to employee safety. . . . As a direct and proximate

6

> result of the acts and practices described herein, Plaintiffs and the Class Members have been denied compensation, in an amount to be proven at trial. Plaintiffs and those similarly situated have accordingly each suffered injury in fact and has [sic] lost money or property as a result of Costco's unfair, unlawful and fraudulent business practices, and unfair competition.

In other words, carefully borrowing the language of Section 17204, the complaint alleged that a "deni[al] of compensation" formed the basis of the "injury in fact " and "lost money or property" suffered by plaintiff Jue and those similarly situated. No other "injury in fact" or "lost money or property" was alleged.

Given that the heart of this dispute and the unfair competition claim is Costco's alleged failure provide its employees with "suitable seating," it stretches the imagination to see how the inability to sit while on the job amounts to a denial of compensation. While this order does not discount the possibility that a logical connection between the two could *potentially* be drawn, no such connection is plausibly alleged. Rather, the complaint is devoid of any allegations tying the alleged denial of seating to a loss of compensation, or any other money or property for that matter.

In sum, the complaint has failed to show that the alleged injury — denied compensation — is fairly traceable to the defendant's allegedly unlawful conduct. Plaintiff Jue's standing to bring her unfair competition claim is therefore improper under both Article III *and* Section 17204. *See Thinket*, 368 F.3d at 1057; *see also* Cal. Bus. & Prof. Code § 17204 (conferring a private right of action only if a person has "suffered injury in fact . . . *as a result of* the unfair competition") (emphasis added). Given this failure, plaintiff Jue's second claim must be **DISMISSED**.

### B. Injury Remediable by the Relief Requested

While plaintiff's failure to plausibly establish injury-in-fact is alone sufficient to dismiss her unfair competition claim for lack of standing, this order will briefly tee up a second defect with standing that must be addressed if and when counsel seeks leave to amend.

In the complaint, plaintiff Jue sought an injunction to force Costco to comply with the IWC wage order mandating "suitable seating." It is difficult to see, however, how such forward-looking injunctive relief could remedy any injury suffered by Jue, or how she would stand to benefit in any way, shape, or form from the injunction sought. She hasn't worked at Costco for

7

over a year. *See Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1036–37 (9th Cir. 2006) (holding that a plaintiff who was "no longer an employee of the [defendant]" and had not alleged "any interest in returning to work" lacked standing to seek an injunction forcing her former employer to adopt and enforce lawful discrimination policies).

If a motion to amend the complaint and to allow Mr. Mejia to intervene is brought, counsel must address how Mejia — especially if he also no longer works for Costco — would have standing to seek both restitution and injunctive relief under Section 17200. *See* Cal. Bus. & Prof. Code § 17203 (authorizing only restitution and injunctive relief for claims based upon Section 17200).

### 3.  SUFFICIENCY OF CLASS ALLEGATIONS

Since Mr. Mejia will likely intervene in this action, it is premature to evaluate the sufficiency of the class allegations in the current complaint. Both of plaintiff Jue's claims have been dismissed. Given this fact, it is likely that Mr. Mejia will become the new putative class representative, as least as to the first claim under PAGA. Adding this new plaintiff will no doubt involve different factual allegations specific to his claims. As such, the more prudent approach would be to allow counsel to seek leave to amend the complaint (which will include a motion to intervene by Mr. Mejia) by filing a properly noticed motion on the normal 35-day calendar, and allow Costco to oppose the motion and raise these issues again (if necessary) as to the proposed amended complaint.

That said, plaintiff is reminded that class certification discovery is not a substitute to the pleading requirements of Rule 8 and *Twombly*. Class allegations must supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted.

### CONCLUSION

For the reasons set forth above, defendant's motion is **GRANTED**. Claim one as to plaintiff Jue is **DISMISSED WITH PREJUDICE**. Claim two as to plaintiff Jue is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file a properly noticed motion on the normal 35-day calendar to seek leave to file an amended complaint (bundled with a motion to intervene by Mr. Mejia) no

8

later than **NOON ON THURSDAY, MARCH 25, 2010**. The motion should address the issues raised herein, with the proposed amended complaint attached as an exhibit.

**IT IS SO ORDERED.**

Dated: March 11, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE